IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN MILLER | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv493 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Kevin Miller, an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Factual Background and Prior Proceedings</u>

In 1993, petitioner was convicted of murder in the 252nd District Court of Jefferson County, Texas. He was sentenced to life imprisonment.

Petitioner is not challenging his criminal conviction. Instead he challenges the denial of his release on parole. He asserts the following grounds for review: (1) the failure to release him on parole violated the separation of powers doctrine; (2) the failure to release him on parole violated his right to due process and was the result of arbitrary and capricious decision making and (3) he was denied access to the courts because he could not appeal to the state courts the failure to release him on parole. Petitioner filed a state application for writ of habeas corpus challenging the failure to release him on parole that the

1

Texas Court of Criminal Appeals denied without written order on June 12, 2012.

## Standard of Review

When a federal district court reviews a habeas petition filed pursuant to 28 U.S.C. § 2254, it must defer to the determination of state courts in any case adjudicated on the merits in state court proceedings. *Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003). A federal court may only overturn a state court's determination as to a question of law or a mixed question of law and fact if that determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As used in subsection (d)(1) of Section 2254, the phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to holdings of the Supreme Court rather than mere dicta. *Williams v. Taylor*, 529 U.S. 362 (2000). Further, a decision is contrary to clearly established federal law if the state court: (a) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or (b) decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id*. A decision involves an unreasonable application of clearly established federal law if the state court identified the correct legal principle, but unreasonably applied the principle to the

2

petitioner's case. *Id.* A federal habeas court may not grant relief merely because it believes the state court applied clearly established federal law incorrectly or erroneously. Instead, the court must conclude the state court's application of clearly established federal law was unreasonable. *Id.*

In addition, 28 U.S.C. § 2254(d)(2) instructs federal court to "give deference to the state court's [factual] findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by a state court is presumptively correct and will not be disturbed in a federal habeas procveeding unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Analysis

*Separation of Powers*

Initially, petitioner asserts that the failure to release him on parole violates the separation of powers doctrine. He states it is improper for the Texas Department of Criminal Justice to play a key role in the parole review process and that its key role imposes on authority granted to the judicial branch of government.

The federal separation of powers doctrine is not applicable to the states. *Shelton v. City of College Station*, 780 F.2d 475, 481 n. 2 (5th Cir. 1986). To the extent petitioner is relying to a separation of powers doctrine contained in the Texas Constitution, a violation of a state constitutional right does not provide a

3

basis for habeas relief. *Rault v. Butler*, 826 F.2d 299, 302 n. 1 (5th Cir. 1987). As a result, petitioner's separation of powers argument does not provide him with a basis for relief.

*Due Process and Arbitrary and Capricious Decision Making*

Petitioner further asserts that the procedures used by the Texas Board of Pardons and Paroles violate his right to due process of law. He states that the determination that he not be released on parole was based on incorrect facts. He also asserts that the denial of his release on parole was arbitrary and capricious.

The Fourteenth Amendment to the Constitution prohibits states from depriving any person of life, liberty or property without due process of law. Texas prisoners do not have a liberty interest in parole. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). As a result, they cannot challenge state parole review procedures on procedural or substantive due process grounds. *Id*. Allegations that false or unreliable information was used to make a parole determination do not amount to a federal constitutional violation. *Id*. "Rather, such concerns are matters for the responsible state agencies and it is to those bodies that grievances concerning parole procedures should be addressed." *Id*. at 309.

As petitioner does not have a liberty interest in release on parole, and as the use of false or unreliable information in making parole determinations do not state a violation of the United States Constitution, this ground for relief is without merit.

4

*Denial of Access to Courts*

Finally, petitioner states he was denied access to the courts because he was unable to challenge the decision not to release him on parole in a Texas state court.

Petitioner cites no authority for the proposition that he has a federal constitutional right to appeal the decision not to release him on parole to a Texas state court. As a Texas inmate has no liberty interest in being released on parole, it follows that he would have no liberty interest in seeking judicial review in a state court of the determination that he should not be released. As relief may only be granted in this proceeding based on the denial of a federal constitutional right, this ground of review does not provide petitioner with a basis for relief.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and will be denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that

he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could revolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raised a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. *Id*. at 484; *Elizalde*, 362 F.3d 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272, 280-01 (5th Cir. 2000)

In this case, petitioner has not made a substantial showing of the denial of a constitutional right or shown that the court's procedural ruling was incorrect. As a result, a certificate of appealability shall not issue.

**SIGNED** this the 18 day of **March, 2016.**

_____
Thad Heartfield
United States District Judge

6